UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL HONIBALL, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>LIFE PROTECT 24/7, INC., a Virginia corporation,<br><br>*Defendant*. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Michael Honiball ("Plaintiff" or "Honiball") brings this Class Action Complaint and Demand for Jury Trial against Defendant Life Protect 24/7, Inc. ("Defendant" or "Life Protect") to stop the Defendant from violating the Telephone Consumer Protection Act by making telemarketing calls, including calls made using artificial or pre-recorded voice messages, to cellular telephone numbers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Honiball, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

1. Plaintiff Michael Honiball is a resident of Evanston, Illinois.

2. Defendant Life Protect is a Virginia registered corporation headquartered in Norfolk, Virginia. Defendant Life Protect conducts business throughout this District, Illinois, and the U.S.

### JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant and venue is proper because the wrongful conduct giving rise to this case was directed by the Defendant to the Plaintiff residing in this District as part of the business Defendant regularly conducts here.

## INTRODUCTION

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful robocalling technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to online robocall tracking service "YouMail," 4.1 billion robocalls were placed in November 2021 alone, at a rate of 137.4 million calls per day. www.robocallindex.com (last visited December 27, 2021).

11. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Defendant Life Protect sells emergency and medical alert systems to consumers.[3]

15. Defendant Life Protect uses telemarketing to solicit their products and services to potential customers across the country without obtaining the required consent from the consumers to place such calls.

16. Defendant Life Protect uses a pre-recorded voice message without first obtaining the consumer's prior express written consent, like they did when calling Plaintiff Honiball's cell phone.

17. Several employees of the Defendant have mentioned the Defendant's practice of cold calling in the reviews they have posted online. For example:

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/Life Protect/about/

### Awful

Sales Representative (Current Employee) - Norfolk, VA - November 6, 2021

Some of the management are good coaches but the rest of them are very toxic positive. Have a smile on your face be happy regardless if you're forcing old people to buy and being cussed/yelled at! They don't care about anything except sales. Regardless if you have mental issues they'll make you feel bad about it. People quit everyday and people apply for this job everyday so the turn over rate is awful. The pay is good I can say that. Only been working here for about a month now. [4]

### The pay is excellent but some of the practices are not good.

Customer Service Representative/Sales Associate (Former Employee) - Norfolk, VA - August 8, 2021

The company means we'll with the product they are selling but the way they get their potential customers is a little deceitful. Sometimes the seniors are confused and not sure what's going on [5]

### work is stressing

Call Center Representative (Former Employee) - Norfolk, VA - July 12, 2021

the work is very stressful, the people on the phone be very angry and trying to calm them down gets sometimes frustrating and then you get prank calls that gets very uncomfortable [6]

### Clean

Sales Representative (Current Employee) - Chesapeake, VA - March 8, 2021

Very clean environment but forced customers to purchase an item they dnt call and ask for! They say it's ok to ask questions but time you ask, the manager gets attitude!

✓ **Pros**
Breaks

✗ **Cons**
Calls [7]

---

[4] https://www.indeed.com/cmp/Life-Protect-247/reviews
[5] *Id.*
[6] *Id.*
[7] https://www.indeed.com/cmp/Life-Protect-247/reviews?start=20

- [8]

18. Several consumers have posted complaints online about the unsolicited telemarketing calls they received from Defendant Life Protect. For instance:

- [9]

- [10]

---

[8] https://www.glassdoor.com/Reviews/Life-Protect-24/7-Reviews-E2977783_P2.htm?filter.iso3Language=eng

[9] https://www.bbb.org/us/va/norfolk/profile/medical-alarm/life-protect-247-0583-90049236/complaints

[10] *Id.*

-  **Complaint Type:** Advertising/Sales Issues  **Status:** Answered

  12/13/2019

  Im getting spam calls from your call center about an offer for butting some of your product. I got a cal from your call center at 4:46 Thursday afternoon. I was talking to a lady named mellow and she kept trying to sell me some of your product even though I had absolute no interest in your product. This is a violation of the telephone consumer protection act which is meant to make calls like you conduct illegal. I filed a letter of demand through The help section of your website, I have had enough of these calls and I am willing to go to the full extent of the law. This will require you paying attorney fees along the way. I would much rather settle this by ourselves, but I have had enough of these calls and I want to use my federal right. I hope we come to a reasoning together. The phone number that called me was, (XXX) XXX-XXXX

  **Desired Outcome**
  The resolution that I am seeking is that both parties come to a conclusion without a third party involved, such as a court. I think that we would both rather this to be solved privately rather then in court because it's a lot easier and we know who is in the wrong here so it will also be cheaper for you.  [11]

19. In response to these calls, Plaintiff Honiball files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF HONIBALL'S ALLEGATIONS

20. Plaintiff Honiball is the subscriber and the sole user of his cell phone number ending xxx-xxx-7730.

21. On November 30, 2021, at 11:56 AM, Plaintiff Honiball received a call on his cell phone number from the phone number 888-256-8866. Plaintiff Honiball answered the call, and a pre-recorded message began to play regarding Defendant's product or service. The pre-recorded message was attempting to qualify the Plaintiff for a particular product or service and asked the Plaintiff if he was 50 years of age or older. Plaintiff responded he wasn't and the call ended.

22. To find out which company was responsible for the unwanted call, the Plaintiff called the phone number 888-256-8866 back and heard a message asking him if he was 50 years or older. Plaintiff Honiball answered "yes" and was transferred to another pre-recorded voice system.

---

[11] https://www.bbb.org/us/va/norfolk/profile/medical-alarm/life-protect-247-0583-90049236/complaints

The Plaintiff was eventually transferred to a live agent who identified the company name as Defendant Life Protect 24/7.



23. Plaintiff Honiball did not provide his consent to Defendant Life Protect to place pre-recorded or any other type of calls to his cell phone number.

24. The unauthorized solicitation telephone call that Plaintiff received from the Defendant, as alleged herein, has harmed Plaintiff Honiball in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

25. Seeking redress for these injuries, Plaintiff Honiball, on behalf of himself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

26. Plaintiff Honiball brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent on Defendant's behalf) called on their cellular telephone number (2) using a pre-recorded voice message, and (3) for whom the Defendant claims it obtained consent to call the person or the person's number in the same manner as Defendant claims it supposedly obtained consent to call Plaintiff or Plaintiff's number.

27. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Honiball anticipates the need to amend the Class definition following appropriate discovery.

28. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class because he received calls as part of the same telemarketing campaign resulting in calls to other Class members.

29. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    whether the Defendant placed pre-recorded voice message call to Plaintiff Honiball and members of the Pre-recorded No Consent Class;

    (b)    whether the calls were made without first obtaining prior express written consent of Plaintiff Honiball and members of the Pre-recorded No Consent Class;

    (c)    whether the calls constitute a violation of the TCPA; and

    (d)    whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

30. **Adequate Representation**: Plaintiff Honiball will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff Honiball has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Honiball and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff Honiball nor his counsel have any interest adverse to the Class.

31. **Appropriateness**: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Honiball. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Honiball and the Pre-recorded No Consent Class)**

32. Plaintiff repeats and realleges paragraphs 1 through 31 of this Complaint and incorporates them by reference herein.

33. Defendant Life Protect transmitted unwanted solicitation telephone calls to Plaintiff Honiball and the other members of the Pre-recorded No Consent Class using pre-recorded voice messages.

34. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Honiball and the other members of the Pre-recorded No Consent Class.

35. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Honiball and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation, as well as injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Honiball individually and on behalf of the Class, prays for the following relief:

   a. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Honiball as the representative of the Class; and appointing his attorneys as Class Counsel;

   b. An award of actual and/or statutory damages and costs;

   c. An order declaring that Defendant's actions, as set out above, violate the TCPA;

   d. An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

   e. Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Honiball requests a jury trial.

                                                **MICHAEL HONIBALL**, individually and on behalf of all others similarly situated,

DATED this 30th day of December, 2021.

By: /s/ *Juneitha Shambee*
Juneitha Shambee Esq.
Shambee Law Office, Ltd.
701 Main St., Ste. 201A
Evanston, IL. 60202
773-741-3602
juneitha@shambeelaw.com
ARDC: 6308145

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*